**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. SBN 236229**
**LATEEF H. GRAY, Esq, SBN 250055**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
lateef.gray@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., co-successor-in-interest to Decedent Rakeem Rucks, by and through his Guardian Ad Litem Beverly McIntosh; I.R., co-successor-in-interest to Decedent Rakeem Rucks, by and through her Guardian Ad Litem Beverly McIntosh; R.R., co-successor-in-interest, by and through her Guardian Ad Litem Beverly McIntosh; J.R., by and through her Guardian Ad Litem Jasmine Williams; and Debra Moore, individually,<br><br>          Plaintiffs,<br>     v.<br><br>CITY OF ANTIOCH, a municipal corporation; RICK SMITH, individually and in his official capacity as a police sergeant for the CITY OF ANTIOCH; CHRIS KIDD, individually and in his official capacity as police officer for the CITY OF ANTIOCH; CASEY BROGDEN, individually and in his official capacity as police officer for the CITY OF ANTIOCH; THOMAS SMITH, individually and in his official capacity as police officer for the CITY OF ANTIOCH; BRIAN ROSE, individually and in his official capacity of Police Detective with the CITY OF ANTIOCH; and DOES 1-50, inclusive, individually, jointly and severally,<br>          Defendants. | CASE NO.: 3:16-cv-03742<br><br>COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. This case arises out of the wrongful death of RAKEEM RUCKS, a thirty-four (34) year-old man who was experiencing a psychiatric disturbance. Mr. Rucks called 911 in the midst of a hallucination, to report that he believed he was being chased by people carrying guns. Despite calling for help and being in obvious distress, Mr. Rucks was nevertheless handcuffed, thrown on the ground and held down by four City of Antioch Police Department officers, who forced his body into the dry earth for over ten (10) minutes. Witnesses report the officers forcefully placed their knees onto Mr. Rucks' neck and back, while Mr. Rucks repeatedly cried out that he could not breathe. The Officers continued to smother Mr. Rucks, until he took his last breath and died face down in the dirt.

2. The present action is brought on behalf of Decedent Rakeem Rucks' four devastated minor children and his grieving mother.

# JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of The United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Antioch, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

4. Decedent, RAKEEM RUCKS (hereinafter "DECEDENT RUCKS"), was an individual residing in the County of Contra Costa, State of California. Decedent Rucks was unmarried at the time of his death and died intestate. Decedent Rucks was readily identifiable as African American. Decedent Rucks did not file any legal actions prior to his death. Decedent Rucks has four surviving minor children.

5. Plaintiff C.R. sues in his individual capacity, through his Guardian Ad Litem BEVERLY JOHNSON, as Decedent RUCKS's child and in a representative capacity as co-successor-in-interest to Decedent RUCKS pursuant, to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

6. Plaintiff I.R. sues in her individual capacity, through her Guardian Ad Litem BEVERLY JOHNSON, as Decedent RUCKS's child and in a representative capacity as co-successor-in-interest to Decedent RUCKS, pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

7. Plaintiff R.R. sues in her individual capacity, through her Guardian Ad Litem BEVERLY JOHNSON, as Decedent RUCKS's child and in a representative capacity as co-successor-in-interest to Decedent RUCKS, pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

8. Plaintiff J.R. sues in her individual capacity, through her Guardian Ad Litem JASMINE WILLIAMS, as Decedent RUCKS's child and in a representative capacity as co-successor-in-interest to Decedent RUCKS, pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

9. At all times mentioned herein, Plaintiff DEBRA MOORE (hereinafter "PLAINTIFF MOORE"), has been and is a resident of Vallejo, California.  PLAINTIFF MOORE is the biological mother of Decedent RUCKS. Decedent RUCKS's father preceded him in death.

10. At all times mentioned herein, Defendant CITY OF ANTIOCH (hereinafter "CITY") is a municipal corporation, existing under the laws of the State of California. The City of Antioch Police Department operates under the supervision of the CITY OF ANTIOCH.

11. At all times mentioned herein, Defendant RICK SMITH, (hereinafter "DEFENDANT R. SMITH"), was a Police Sergeant for the City of Antioch Police Department, and is sued individually and in his official capacity.

12. At all times mentioned herein, Defendant CHRIS KIDD, (hereinafter "DEFENDANT KIDD"), was a Police Officer for the City of Antioch Police Department, and is sued individually and in his official capacity.

13. At all times mentioned herein, Defendant CASEY BROGDEN, (hereinafter "DEFENDANT BROGDEN"), was a Police Officer for the City of Antioch Police Department, and is sued individually and in his official capacity.

14. At all times mentioned herein, Defendant THOMAS SMITH, (hereinafter " DEFENDANT T. SMITH"), was a Police Officer for the City of Antioch Police Department, and is sued individually and in his official capacity.

15. At all times mentioned herein, Defendant BRIAN ROSE, (hereinafter

"DEFENDANT ROSE"), was a Police Detective for the City of Antioch Police Department, and is sued individually and in his official capacity.

16. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend their complaint subject to further discovery.

17. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with City of Antioch Police Department.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of City of Antioch Police Department.

18. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs timely filed a Government Tort Claim with the City of Antioch, notifying the City of Antioch of Plaintiffs' intent to file a lawsuit against the City of Antioch and the involved Officers.

19. Plaintiffs contend that the City of Antioch is liable for all state law causes of action under the theory of Respondeat Superior, wherein damages occurred while City of Antioch employees were engaged in the performance of their job duties.

## STATEMENT OF FACTS

20. On June 25, 2015, at approximately 12:30 p.m., Decedent Rucks, was at Delta Pines apartment complex, located at 2301 Sycamore Drive, in Antioch, California.

21. Decedent Rucks was experiencing a psychiatric disturbance and called 911, in the midst of a hallucination, to report that he believed he was being chased by several people with guns.

22. Defendant City of Antioch Police Department Officers, Defendant Kidd and Defendant Brogden arrived at the apartment complex and contacted Decedent Rucks. Defendant Brogden noticed that Decedent Rucks was rambling about being afraid for his life and sweating profusely, with temperatures exceeding 100 degrees that day. Decedent Rucks appeared to be in Defendant Brogden's words 'hallucinating.' Though Decedent Rucks was compliant with Defendant Brogden's verbal commands, Defendant Brogden thereafter handcuffed Decedent Rucks.

23. As the Officers walked a fully compliant Decedent Rucks to their patrol car, Defendant Kidd, inexplicably and without legal justification, leg swept Decedent Rucks and took him to the ground.

24. Over the next 5 minutes, Defendant Kidd held Decedent Rucks' lower body down in the dirt. Defendant Brogden held Decedent Rucks' upper body down in the dirt. Defendant R. Smith and Defendant T. Smith thereafter arrived and joined in the unwarranted and excessive use of force against a man in obvious medical and mental distress.

25. Witnesses observed Decedent Rucks being held on the ground by at least four (4) Officers. One of the Officers dug his knee into Decedent Rucks' neck and another Officer used their knee to press down into Decedent Rucks' back. An eyewitness heard Decedent Rucks crying out," I can't breathe!" The Officers were heard responding to Decedent Rucks' pleas by telling him that he was "fine" and to "calm down."

26. After holding Decedent Rucks handcuffed and face down in the dirt for approximately 10-12 minutes, Defendant Kidd noticed that Decedent Rucks was breathing heavily, and no longer making any noise. Despite these obvious signs of distress, the four Defendant Officers continued to hold Decedent Rucks' face down in the dirt.

27. During the incident, Defendant T. Smith observed Decedent Rucks inhaling dirt. Nevertheless, the Defendant Officers continued to press Decedent Rucks' face and chest down into the dirt. Foreseeably, Decedent Rucks became unresponsive and lost conscioussness.

28. Decedent Rucks died as a result of being restrained in such a way that restricted his ability to breathe was restricted, while being held face down in the dirt.

29. To add insult to injury, on January 21, 2016, City of Antioch Detective Brian Rose, testified at the Contra Costa County Coroner's Inquest into the death of Decedent Rucks. On information and belief, Defendant Rose attempted to conceal important eyewitness information from the jury. Specifically, Detective Rose failed to relay an eyewitness' account of Decedent Rucks telling the officers he could not breathe and only testified about witnesses who provided derogatory and inflammatory information about the Decedent. It was only after Inquest Hearing Officer Matthew Guichard posed questions submitted to him in writing by Plaintiffs' Counsel, did Detective Rose finally reveal the fact there were independent eyewitness to the incident, which contradicted the Defendants' version of events. Detective Rose gave damning testimony indicating a witness saw Officers using their knees to forcefully push Decedent Rucks' face into the dirt, while he cried out he "couldn't breathe" in a scenario eerily reminiscent of Eric Garner who was choked to death by New York Police Officers on video. Decedent Rucks' mom broke down sobbing during the Detective Rose's heartbreaking testimony. It was only after being called back to the witness stand was Detective Rose forced to finally tell the jury about the eyewitnesses.

30. Plaintiffs are informed and believe, and herein allege that Detective Rose fully intended to omit key contradictory eyewitness information for the purpose of concealing Decedent Rucks' true cause of death at the hands of City of Antioch Police Officers. The jury thereafter determined that Decedent Rucks' death was an accident and that he did not die of natural causes.

31. Plaintiffs are informed and believe and thereon allege the City of Antioch, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers KIDD, R. SMITH, BROGDEN, T. SMITH, ROSE and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers KIDD, R. SMITH, BROGDEN, T. SMITH, ROSE and Does 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants' KIDD, R. SMITH, BROGDEN, T. SMITH, ROSE and Does 1-25 inclusive, misconduct.

32. Plaintiffs are informed, believe and thereon allege that City of Antioch Police

Detective ROSE attempted to cover up Defendant Officers' conduct by omitting important eyewitness accounts from his Coroner's Inquest testimony. Detective ROSE did not relay the important information to the jury and had actually been released from the witness stand when Plaintiff's counsel brought the gross omission to the attention of the hearing officer, who subsequently asked Detective ROSE about the multiple eyewitnesses. Only after a direct inquiry into the eyewitnesses, did ROSE finally admit that there was an eyewitness who reported that Decedent was saying that he could not breathe, while the officers held Decedent Rucks' to the ground by placing their knees in Decedent Rucks' back and neck, immediately prior to his death. Plaintiff is informed, believes and thereon alleges that Detective ROSE's actions were intended to cover up the true events surrounding Decedent Rucks' death, in an attempt to justify Defendant Officers' unreasonable and outrageous use of deadly force.

33. Plaintiffs are informed, believe and thereon allege that members of the Antioch Police Department, including, but not limited to Defendant Officers and DOES 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, Rucks.

34. Plaintiffs are further informed, believe and therein allege that as a matter of official policy –rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of Antioch, Antioch Police Department has allowed persons to be abused by its Police Officers including Defendant Officers KIDD, R. SMITH, BROGDEN, T. SMITH, ROSE and DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

35. Plaintiffs are informed, believe and therein allege that City of Antioch Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens.

36. Plaintiffs are informed, believe and therein allege that City of Antioch knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

37. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through

50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

38. As a consequence of Defendants' violation of Decedent's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: All Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

39. Plaintiffs I.R., C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh and Plaintiff J.R., by and through her Guardian Ad Litem Jasmine Williams, bring this claim as co-successors-in-interest to Decedent Rucks and seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

40. Plaintiffs I.R., C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; and Plaintiff J.R., by and through her Guardian Ad Litem Jasmine Williams, are further entitled to recover damages incurred by Decedent Rucks before he died as a result of being smothered, without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent, consisting of pain and suffering he endured, during the time he struggled for his life, as a result of the violation of his civil rights.

41. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams, Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint as though fully set forth.

43. Defendants KIDD, R. SMITH, BROGDEN, T. SMITH, and DOES 1-25's above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

44. DECEDENT RUCKS was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

45. DECEDENT RUCKS did not file a legal action before his death;

46. Plaintiffs I.R., R.R., and C.R., by and through their Guardian Ad Litem Beverly McIntosh and Plaintiff J.R., by and through her Guardian Ad Litem Jasmine Willams, are co-successors-in-interest of DECEDENT RUCKS and bring claims for damages for the conscious pain and suffering incurred by DECEDENT RUCKS, as provided for under 42 U.S.C. §1983.

47. Defendants KIDD, R, SMITH, BROGDEN, T. SMITH, and DOES 1-25 acted under color of law by killing Decedent without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiffs' Fourteenth Amendment Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

48. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 47 of this Complaint as though fully set forth.

49. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent and by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise in order to deprive Plaintiffs of their right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Monell – 42 U.S.C. section 1983)**

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore Against CITY OF ANTIOCH and DOES 26-50)

50. Plaintiffs hereby re-allege and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51. Plaintiffs are informed and believe and thereon allege that high-ranking City of

Antioch officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by Antioch Police Officers.

52. Despite having such notice, Plaintiffs are informed and believe and thereon Allege that City of Antioch and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the Antioch Police Department, which brought about Defendants KIDD, R. SMITH, BROGDEN, T. SMITH, and DOES 1-25 unlawfully smothering DECEDENT RUCKS to death.

53. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25 and/or each of them, Defendants City of Antioch and/or DOES 26-50 ratified and encouraged these officers to continue their course of misconduct.

54. Plaintiffs further allege that Defendants City of Antioch and DOES 26-50 and/or each of them, were on notice of the Constitutional defects in their training of Antioch police officers, including, but not limited to: unlawfully using excessive force to make detentions and/or arrests.

55. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Antioch officials, including high ranking Antioch Police Department supervisors, DOES 26-50, and/or each of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

# FOURTH CAUSE OF ACTION

## (Monell – Conspiracy to Violate Civil Rights)

### (42 U.S.C. § 1985)

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams, Against Defendants ROSE, KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-50**)**

56. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 55 of this Complaint.

57. In doing the acts complained of herein, Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1 – 50 and each of them acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

58. Defendant KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25 and each of them had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same.  None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

59. After the death of Decedent Rucks, Defendants KIDD, R. SMITH, BROGDEN, T. SMITH, ROSE, and does 1-50 conspired for the purpose of impeding, hindering, obstructing, and defeating, the due course of justice with regard to the true cause of Decedent Rucks' death, with intent to deny Decedent Rucks the equal protection of the laws, by omitting important witness information, which contradicted Defendants' version of events.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Violation of Plaintiffs' State Statutory Rights)**

**(Violation of California Civil Code § 52.1)**

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore, Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

60. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 59 of this Complaint as though fully set forth.

61. Defendant KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the DECEDENT RUCK's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

62. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

63. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered as hereinafter set forth below.

64. Plaintiffs contend that the City of Antioch is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Antioch employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Negligence)

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore, Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

65. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 64 of this Complaint as though fully set forth, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

66. Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused DECEDENT RUCKS' death and Plaintiffs' injuries, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

67. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

68. Plaintiffs contend that the City of Antioch is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Antioch employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Assault)

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore, Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

69. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 68 of this Complaint as though fully set forth.

70. Defendants' above-described conduct constituted assault.

71. Plaintiffs contend that the City of Antioch is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Antioch employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Battery)

(Plaintiffs I.R, C.R., and R.R., by and through their Guardian Ad Litem Beverly McIntosh; Plaintiff J.R., by and though her Guardian Ad Litem Jasmine Williams; and Plaintiff Debra Moore, Against Defendants KIDD, R. SMITH, BROGDEN, T. SMITH and DOES 1-25)

72. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 71 of this Complaint as though fully set forth.

73. Defendants' above-described conduct constituted battery.

74. Plaintiffs contend that the City of Antioch is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Antioch employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

75. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive and exemplary damages against Defendants KIDD, R. SMITH,

BROGDEN, T. in amounts to be determined according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF JOHN L. BURRIS**

Dated: July 7, 2016          /s/ *John L. Burris*
                             **John L. Burris**
                             Attorneys for Plaintiffs