UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANTIOCH, et al., <br><br> Defendants. | Case No. 16-cv-03742-JST <br><br> **ORDER DENYING PLAINTIFFS' REQUEST TO CONTINUE PRETRIAL DEADLINES** <br><br> Re: ECF No. 42 |

The Court set pretrial deadlines at the October 5, 2016 case management conference. ECF No. 24 (minute entry); ECF No. 25 (written scheduling order). Plaintiffs seek to continue some of those deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact discovery cut-off | September 29, 2017 | November 30, 2017 |
| Expert disclosures | October 20, 2017 | December 21, 2017 |
| Expert rebuttal | November 10, 2017 | January 11, 2018 |
| Expert discovery cut-off | November 24, 2017 | January 25, 2018 |
| Deadline to file dispositive motions | December 15, 2017 | February 8, 2018 |

ECF No. 42 at 3. Plaintiffs do not seek to continue the February 27, 2018 pretrial conference statement filing deadline, the March 9, 2018 pretrial conference, or the April 2, 2018 trial date. Defendants oppose Plaintiffs' request for continuance. ECF No. 44.

The Court's October 5, 2016 scheduling order provides that:

> The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner

> and appear at trial on the noticed and scheduled dates. All counsel
> must arrange their calendars to accommodate these dates, or arrange
> to substitute or associate in counsel who can.

ECF No. 25 at 2. This schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause analysis "primarily considers the diligence of the party seeking the [continuance]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (considering whether party seeking belated amendment satisfied Rule 16(b)'s good cause standard). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. at 609 (citation omitted).

In this case, Plaintiffs fail to establish good cause because they have not demonstrated diligence in seeking discovery. According to Defendants' counsel's declaration, Plaintiffs have conducted no written discovery except for propounding one request for production of documents in November 2016. ECF No. 44-1 ¶ 3. Defendants responded to that request by "produc[ing] the entire investigative file to Plaintiffs" on December 2, 2016. Id. ¶ 2. "In total, these materials were Batestamped 1-739 and consisted of the entire investigation of this incident, plus additional production. In June of 2017, one additional disc of several audio files of the dispatch of this incident, not previously in Defendants' possession, was produced to Plaintiffs." Id. Plaintiffs have taken no depositions and did not inform Defendants' counsel that they sought to depose the involved officers until August 29, 2017. Id. ¶ 3. Plaintiffs state that they "postponed Defendants' depositions until third party witnesses could be located and deposed," and that they "met and conferred with Defendants to schedule depositions of all parties" when "Plaintiffs['] ongoing attempts to locate the witnesses became futile." ECF No. 42 at 2. However, Plaintiffs provide no information regarding the diligence of their "ongoing attempts" to locate third-party witnesses. In any event, while there might be a case in which waiting until one month before the close of discovery to schedule party depositions demonstrates diligence, this is not that case.

Plaintiffs also contend that a continuance is warranted because, "while reviewing discovery materials to prepare for Defendants' depositions, it came to Plaintiffs [sic] attention that they were not in possession of certain categories of materials relative to Defendants' employment and

2

disciplinary histories. Defendants produced no privilege log and it was unclear whether materials were actually being withheld or did not exist." Id. Plaintiffs' counsel did not contact Defendants' counsel about these materials until August 29, 2017—more than eight months after receiving Defendants' discovery responses. Id. This was not diligent. In addition, Defendants state that these materials, which consist of the four named Defendants' personnel records, will be produced this week, ECF No. 44 at 4, thus allowing sufficient time for their review prior to the September 29, 2017 discovery cut-off.

Plaintiffs' counsel has not shown diligence in "manag[ing] their calendars so that they can complete discovery in a timely manner." ECF No. 25 at 2. Their request for continuance is therefore denied.

IT IS SO ORDERED.

Dated: September 21, 2017

JON S. TIGAR
United States District Judge