JOHN L. BURRIS, ESQ. SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
LATEEF H. GRAY, ESQ., SBN 250055
MELISSA C. NOLD, ESQ., SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et. al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ANTIOCH, et al. <br><br> Defendants. | Case No. 3:16-cv-3742 <br><br> **MOTION IN LIMINE NO. 1 TO EXCLUDE DECEDENT'S CRIMINAL HISTORY** <br><br> **Pre-Trial Conference: February 15, 2019** <br> **Time:**                       **2:00 p.m.** <br><br> **Honorable Judge Jon S. Tigar** |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiffs, C.R. and I.R., by and through their Guardian Ad Litem Brionna Smith, Rachell Rucks, Debra Moore, and J.R., by and through her Guardian Ad Litem Jasmine Williams (for the purpose of this motion, "Plaintiffs") hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to information not known to or relied upon by the Defendant officers at the time of the incident. This motion specifically targets the following categories:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument about Decedent Rucks' criminal history, history of incarceration and/or prior police contacts.

1

This Motion is based on three independent rationales. This first is that these categories are simply not relevant, since Defendants were not aware of this information at the time of the incident and/or denied that any such knowledge impacted their decision making and/or ultimate decision to detain Mr. Rucks. Second, any argument that Mr. Rucks had previously engaged in a particular conduct and would therefore behave in a particular way on the date of the incident would involve an improper inference based on Rucks' alleged character. Third, the probative value of any prior criminal conduct would be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury and would also necessitate a mini-trial about alleged prior conduct that has nothing to do with the subject incident. Plaintiffs' rationales are set forth in greater detail below.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

Dated: February 5, 2019 **The Law Offices of John L. Burris**

*/s/Melissa C. Nold*
_____
Melissa C. Nold
Attorneys for Plaintiffs

## TABLE OF CONTENTS

|   | Page No. |
|---|---|
| NOTICE OF MOTION …………………………………………………….. | 1-2 |
| TABLE OF CONTENTS ……………………………………………………… | 3 |
| POINTS AND AUTHORITIES ……………………………………………... | 6 |
|     I.    INTRODUCTION …………………………………………… | 6 |
|     II.   DISCUSSION ……………………………………………….... | 6 |
|         A.   Relevance …………………………………………….. | 7 |
|         B.   Unfair Prejudice……..…………………………….... | 8 |
|         C.   Character Evidence ………..…………………………… | 8 |
|     III.  CONCLUSION ……………………………………………… | 9 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This case arises from the death of Decedent Rakeem Rucks. Plaintiffs contend that Defendants Kidd, Brogden and Smith used excessive force in violation of Rakeem Rucks' Constitutional rights. Plaintiffs' first motion *in limine* targets certain categories of information not known to Defendants at the time of the incident and/or information known to Defendants which they have denied impacted their decision making. The principle behind this motion is simple: if Defendant did not know the subject information at the time of their encounter with Decedent and/or have admitted that the information in dispute did not impact their ultimate decision to detain Mr. Rucks, then it will not tend to make their conduct more or less reasonable. Accordingly, it should be excluded as irrelevant.

The specific categories of information targeted by this motion include:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument about Decedent Rucks' prior criminal history, including but not limited to:
    - Prior arrests;
    - Prior convictions;
    - Dates of incarceration;
    - Prior police contacts.

For the reasons set forth below, these facts, which were not known to Defendants before their interaction with Decedent, are irrelevant because they do not make the individual Defendants' conduct any more or less reasonable and amount to improper character evidence and are certainly more prejudicial than probative.

4

## II. ARGUMENT

### A. Evidence of Decedent Rucks' History is Not Relevant

From the moment the United States Supreme Court first decided the Fourth Amendment reasonableness standard in police death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. See *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985).

Adhering to the parameters set forth by the Court on this issue is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. See *Tennessee v. Garner*, 471 U.S. 1, 25-26 (1985) (the Fourth Amendment requires the "careful balancing of the important public interest in crime prevention and detection and the nature and quality of the intrusion upon legitimate interests of the individual."), citing *United States v. Place*, 462 U.S. 696, 703 (1983). In *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011), the Ninth Circuit reiterated that information unknown to an officer at the time of his use of force – or information acquired after the incident by investigators or during discovery – cannot be considered. In *Glenn*, officers used a beanbag gun to shoot a man with a knife who was threatening suicide. Unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." Id. The Ninth Circuit flatly rejected the District Court's "suggestion that, …these statements provide 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement." *Glenn v. Case Washington Cnty.*, 673 F.3d 864, 873, n.8 (9th Cir. 2011). The Court reiterated that "[w]e cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." Id., citing

*Graham*, 490 U.S. at 396. Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." Id.; Ninth Circuit Model Jury Instruction 9.22; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001).

The Ninth Circuit Model Instruction for excessive force claims further informs the jury, "the reasonableness of a seizure must be assessed by carefully considering the objective facts and circumstances that confronted the arresting officers." Ninth Circuit Model Jury Instruction 9.22; citing *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Relevant evidence is only that "evidence having [a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that is not relevant is not admissible. FED. R. EVID. 402.

In light of how the jury will be instructed and given the great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about Decedent Rucks' criminal history and contacts with law enforcement, which were unknown and/or not relied upon by Defendants at the time they made the decision to unlawfully use excessive force, including deadly force, against Decedent Rucks, would be totally improper.

At deposition, Defendant Kidd claimed to recognize Decedent Rucks from a prior incident. (Kidd Depo, pgs. 63-68) Defendant Kidd initially stated that the prior incident information was one of the many facts impacting his decision to detain Rucks, but later admitted that based on the totality of the circumstances he would have detained Mr. Rucks even if he didn't possess that knowledge of the prior incident. (Kidd Depo, 63-68) Further, Defendant Brogden denied under oath that his actions towards Decedent Rucks were based on Officer Kidd's prior knowledge of Mr. Rucks. (Brodgen

Depo, pg. 53). However, none of the Defendants, besides Defendant Kidd, claimed any prior knowledge of Decedent Rucks. Defendants cannot now choose to defend themselves based on information that they have already admitted did not impact their ultimate decision to detain Decedent Rucks.

In addition, since this type of evidence is not relevant to the jury's reasonableness determination, any probative value would be substantially outweighed by the risk of unfair prejudice, e.g. that the jury would rest its decision on an improper basis and judge incidents with 20/20 hindsight.

### B. Evidence of Decedent Rucks' Criminal History and Prior Contacts with Law Enforcement is Unfairly Prejudicial

Plaintiffs submit that Decedent Rucks' criminal history and prior contacts with law enforcement have absolutely no probative value. Defendants were responding to a call for service in which the Decedent was both the victim and reporting party, having told dispatchers that armed men were chasing him. Nevertheless, if there is any probative value to this evidence, it is substantially outweighed by the extreme danger of unfair prejudice.

Accordingly, it should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). In *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir.1993), the Seventh Circuit found that it was improper in a civil rights case against interrogating officers for the district court to admit plaintiff's criminal history—turning the "trial of the defendants into a trial of the plaintiff." Likewise, it would not be proper in this case for Decedent Rucks' criminal history to be

used to turn a trial of the defendants into a trial of Decedent Rucks' past. Also, admission of his criminal history and prior contacts with law enforcement poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

The primary factual dispute in this case is whether Defendants' conduct was objectively reasonable under the circumstances. Decedent Rucks is not on trial and his alleged prior conduct does not bear on the reasonableness of Defendants' decision to force Mr. Rucks' head into the dirt with a knee, for more than 10 minutes, while he was handcuffed and in a figure four leg lock. If Defendants are permitted to introduce evidence of Decedent Rucks' criminal history and prior contacts with law enforcement, or prior bad acts, then that will compel Plaintiffs to explain the circumstances of these acts or otherwise to try to mitigate their prejudicial impact. This will significantly increase the length of trial and distract the jury from its central tasks and will unduly consume this Court's and the jury's time. Furthermore, Defendants have not identified any witnesses prepared to testify to the prior incident with Mr. Rucks, to which Defendant Kidd was only partially knowledgeable.

For all the above reasons, Decedent Rucks' criminal history and prior contacts with law enforcement should be excluded. In the alternative, if the Court determines that all or some of this highly inflammatory evidence may be potentially relevant, the Court should hold a brief hearing outside the presence of the jury under Rule 104(a) to establish relevance, foundation, and any appropriate limits on its use before the jury is permitted to hear any of it.

### C. Decedent Rucks' Criminal History and Prior Contacts with Law Enforcement are Improper Character Evidence

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Plaintiffs also contend that any reference to Decedent Rucks' criminal history or prior contacts with

law enforcement at trial would suggest an improper inference based on character evidence, to the extent that the jury might infer that because Decedent Rucks allegedly engaged in bad conduct on a prior occasion he necessarily did so during the course of the incident at bar thereby giving the officers probable cause to believe that he had committed a crime on the date in question or was deserving of his fate, when in fact he called the police to help him. See, generally, *Evans v. City of San Diego*, 913 F. Supp. 2d 986, 992-93 (S.D. Cal. 2012) (in false arrest case, evidence of plaintiff's conduct outside the time frame of the arrest is inadmissible character evidence). Since any evidence of Decedent Rucks' criminal history and prior contacts with law enforcement would require an inference as to Decedent Rucks' character to make it relevant, it is inadmissible.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion In Limine to exclude all of Mr. Rucks' character evidence and/or information unknown to Officers at the time of the incident and any information Defendants admit did not impact their decision making during the incident.

Dated: February 5, 2019     The Law Offices of John L. Burris

    */s/Melissa C. Nold*
Melissa C. Nold
Attorneys for Plaintiffs