JOHN L. BURRIS, ESQ. SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
LATEEF H. GRAY, ESQ., SBN 250055
MELISSA C. NOLD, ESQ., SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et. al, | Case No. 3:16-cv-3742 |
| Plaintiffs, | **MOTION IN LIMINE NO. 2 TO EXCLUDE CONTRA COSTA DISTRICT ATTORNEY AND CITY OF ANTIOCH POLICE DEPARTMENT FINDINGS** |
| vs. | |
| CITY OF ANTIOCH, et al. | |
| Defendants. | **Pre-Trial Conference: February 15, 2019**<br>**Time:                    2:00 p.m.** |
| | **Honorable Judge Jon S. Tigar** |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiffs, C.R. and I.R., by and through their Guardian Ad Litem Brionna Smith, Rachell Rucks, Debra Moore, and J.R., by and through her Guardian Ad Litem Jasmine Williams (for the purpose of this motion, "Plaintiffs"), hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to the Contra Costa County District Attorney and Antioch Police Department's investigation and findings. This motion specifically targets the following categories:

1

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument referencing the Antioch Police Department self-serving findings related to the appropriateness of the Defendants' actions.
- Any and all documents, recordings, statements, observations, references, witness, evidence or argument referencing the Contra Costa District Attorney's Office's findings and charging decision.

This Motion is based on three independent rationales: prejudice, confusion and irrelevance. Plaintiffs' rationales are set forth in greater detail below.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

Dated: February 5, 2019                      **The Law Offices of John L. Burris**

                                                      */s/Melissa C. Nold*
                                                      _____
                                                      Melissa C. Nold
                                                      Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

|  | Page No. |
|---|---|
| NOTICE OF MOTION ………………………………………………….. | 1-2 |
| TABLE OF CONTENTS ……………………………………………… | 3 |
| POINTS AND AUTHORITIES …………………………………………... | 6 |
|     I.    INTRODUCTION …………………………………………… | 6 |
|     II.    DISCUSSION …………………………………………………... | 6 |
|           A.    Relevance …………………………………………….. | 7 |
|           B.    Unfair Prejudice……..………………………………... | 8 |
|     III.    CONCLUSION …………………………………………………… | 9 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This case arises from the death of Rakeem Rucks. Plaintiffs contend that Defendants Kidd, Brogden and Smith used excessive force in violation of Rakeem Rucks' Constitutional rights. Plaintiffs' second motion *in limine* seeks to exclude evidence, testimony, argument, or reference to the findings of the County of Contra Costa's District Attorney's Office and/or Antioch Police Department's determination that Defendants' detention, tactics, and use of force, was any of the following: (1) within policy; (2) reasonable; (3) justified; or (4) lawful. This includes any implicit or explicit reference to the Antioch Police Department's Internal Investigation and/or the District Attorney's findings and charging decision. Plaintiffs contend that these findings and conclusions are irrelevant, confusing, and should be excluded under FRE 402 and 403. Plaintiffs submit that their requested exclusion of evidence should not preclude statements made by Defendants' in conjunction with the City and District Attorney's investigation.

II. **ARGUMENT**

**A. Evidence of the Findings of the City's Internal Investigations and the County's Criminal Investigation are Irrelevant and Should be Excluded Under Federal Rules of Evidence Rule 402.**

The findings and conclusions of the City of Antioch's Internal Investigations and/or the Contra Costa District Attorney's Office's investigation and charging decision, are wholly irrelevant. At trial, the jury must determine whether the Defendants used unreasonable or excessive force when they detained, used force, and killed Decedent. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Thus, only evidence of facts and circumstances known to the Defendants during their encounter with Decedent Rucks are relevant and therefore admissible.

*Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). The subsequent findings and conclusions of the City of Antioch Police Department and Contra Costa County District Attorney's Office are in no way probative of the factual circumstances confronting the Defendants at the time of the incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for constitutional and state law violations. See *Lewis v. City of Chicago Police Department*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information . . . . It merely presents the question the jury was tasked with answering."). Because evidence of the Antioch Police Department and Contra Costa District Attorney's Office's findings, conclusions and charging decision are not probative of any fact of consequence to the determination of the action, the evidence should be excluded.

**B. Evidence of the Findings of the City's Internal Investigation and District Attorney's Investigation is Unduly Prejudicial and Should be Excluded Under Federal Rule of Evidence 403.**

Even if the evidence has some speculative probative value, it should be excluded under Fed. R. Evid. 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. Determining the reasonableness of the Defendants' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the Antioch Police Department and Contra Costa County District Attorney's Office. The jury might feel bound to abide by the conclusions of the Police Department and District Attorney's Office rather than reaching its own independent conclusions based on all of the evidence. See *Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence

of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision.").

Any investigation or conclusion that the Contra Costa County District Attorney's Office or the Antioch Police Department internally reviewed Defendants' detention, tactics, and use of force, and found that the Defendants acted reasonably, justly, and within policy is irrelevant to the issue at the heart of this case, which is whether the Defendants' conduct amounted to a constitutional violation. Adherence to or deviation from municipal policy is not evidence of a constitutional violation. When balanced against the substantial risk that the City or District Attorney's findings may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant Federal Rule of Evidence 403.

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. The District Attorney's Office review and determination is based on a criminal "beyond a reasonable doubt" standard, rather than the applicable civil "preponderance of the evidence" standard. Therefore, informing the jury that the Contra Costa County District Attorney's Office reviewed this incident and opted not to criminally prosecute the Defendants will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the Contra Costa District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the Defendants. When balanced against the substantial risk that the City or District Attorney's conclusions may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant Rule 403.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request an order excluding the conclusions or the findings of the Contra Costa County District Attorney's Office and the findings of the Antioch Police Department pertaining to the detention, tactics, and use of force against Decedent Rucks.

Dated: February 5, 2019                           The Law Offices of John L. Burris

    */s/Melissa C. Nold*
Melissa C. Nold
Attorneys for Plaintiffs