JOHN L. BURRIS, ESQ. SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
MELISSA C. NOLD, ESQ., SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et. al,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH, et al.<br><br>　　　　Defendants. | Case No. 3:16-cv-3742<br><br>**MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DECEDENT'S ALLEGED PAST DRUG USE –IMPROPER CHARACTER EVIDENCE**<br><br>**Pre-Trial Conference: February 15, 2019**<br>**Time:　　　　　　　　2:00 p.m.**<br><br>**Honorable Judge Jon S. Tigar** |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiffs, C.R. and I.R., by and through their Guardian Ad Litem Brionna Smith, Rachell Rucks, Debra Moore, and J.R., by and through her Guardian Ad Litem Jasmine Williams (for the purpose of this motion, "Plaintiffs") hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to information not known to or relied upon by the Defendant officers at the time of the incident. This motion specifically targets the following categories:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument about Decedent Rucks' alleged history of drug use.

This Motion is based on three independent rationales. This first is that these categories are

simply not relevant, since Defendants were not aware of this information at the time of the incident and it is undisputed that a measurable amount of methamphetamine was reported to be in Decedent's post-mortem blood sample. Second, any argument that Decedent Rucks had previously engaged in a particular conduct and would therefore behave in a particular way on the date of the incident would involve an improper inference based on Decedent Rucks' alleged character. Third, any reference to Decedent Rucks' alleged prior drug use would be dangerously prejudicial at trial and would also necessitate a mini-trial about issues that have nothing to do with the subject incident. Plaintiffs' rationales are set forth in greater detail below.

        This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

Dated:  February 5, 2019                               **The Law Offices of John L. Burris**

                                                                             */s/Melissa C. Nold*
                                                                             _____
                                                                             Melissa C. Nold
                                                                             Attorneys for Plaintiffs

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION …………………………………………………….. 1-2

TABLE OF CONTENTS ………………………………………………… 3

POINTS AND AUTHORITIES ……………………………………………... 6

    I.      INTRODUCTION ……………………………………………… 6

    II.     DISCUSSION …………………………………………………... 6

          A.     Relevance ………………………………………………….. 7

          B.     Unfair Prejudice……..……………………………….…... 8

          C.     Character Evidence ………..…………………………… 8

    III.    CONCLUSION ………………………………………………… 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case arises from the death of Rakeem Rucks. Plaintiffs contend that Defendants Kidd, Brogden and Smith used excessive force in violation of Rakeem Rucks' Constitutional rights, after Decedent Rucks called the police for assistance. Plaintiffs' third motion *in limine* targets evidence and testimony related to Decedent's alleged past history of drug use which was not known to Defendants at the time of the incident. The principle behind this motion is simple: if Defendant(s) did not know the subject information at the time of their encounter with Decedent, then it will not tend to make their conduct more or less reasonable and this information is not permissible to determine the value of Decedent Rucks' relationship with his family members. Accordingly, it should be excluded as irrelevant.

The specific categories of information targeted by this motion include:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument about Decedent Rucks' alleged history of drug use, including but not limited to:
    - Statements by any and all witnesses at the Delta Pines Apartment complex who alleged that Decedent Rucks appeared to be under the influence on the date of the incident.
    - Statements by any and all witnesses alleging that Decedent Rucks appeared to be under the influence for some period of time *before* the subject incident.
    - Statements by any and all witnesses alleging that Decedent Rucks used illegal drugs in the past.
    - Statements by any and all witnesses alleging to have personal knowledge of Decedent Rucks' use of illegal drugs in the past.
    - Testimony and/or statements by: Rachelle Metcalf, Omega Ford, Kenneth Cater, Terry Haygood, Tamara Cline, Stephon Blackwell, Debra Moore and

Frank Lewis related to Decedent Rucks' alleged drug use and alleged drug induced behavior in the days leading up to the incident.

- o Toxicology Report prepared by Certifying Scientist Dawn N. Sherwood of NMS Labs directed to Irma Andrade of the Contra Costa County Sherriff's Office – Coroner's Division (Bates Stamped APD 406 – 409)

## II. ARGUMENT

**A. Evidence of Decedent Rucks' Alleged History of Drug Use Is Not Relevant to Liability or Damages under Federal Rules of Evidence 401 and 402.**

"[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." United States v. Aims Back, 588 F.2d 1283, 1287 (9th Cir. 1986). Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. Rule 402 states in part that evidence which is not relevant is not admissible. Evidence of facts and circumstances not known to the Defendants during their encounter with Decedent are irrelevant., *Graham v. Connor*, 490 U.S. 385, 397 (1989); cf. *Rubalcava v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming admission of "limited" evidence of victim's prior criminal history only because it was known to the officers at the time of the incident); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the [incident] is irrelevant and prejudicial."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.\* (4th Cir. 2011) (noting that the victim's "criminal history and possession of illegal narcotics… are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"—even though the facts of

the incident were profoundly disputed). The jury may only consider the circumstances of which the involved officers were aware when they used deadly force. *Graham,* 490 U.S. at 396.

Here, prior drug use evidence is wholly irrelevant to whether it was objectively reasonable for Defendants to improperly detain, restrain and kill Decedent Rucks, a man who called them for assistance. It is undisputed that there was a measurable amount of methamphetamine in Decedent's post-mortem blood samples and any additional references and testimony are cumulative and prejudicial. Defendants do not claim to have detained, used force on, or killed Decedent Rucks because he was under the influence of drugs or because he had allegedly used drugs in the past (which of course Defendants had no information about at the time).

The jury must make its determination of the Defendant Officers' use of force based upon relevant percipient witness testimony, not with improper "hindsight" evidence. The Defendants knew nothing about Decedent Rucks' alleged drug use prior to the incident and knew nothing about Decedent Rucks' drug use beyond their own speculations and/or observations. Defendants did not see Decedent Rucks with any drug paraphernalia, did not see Decedent Rucks consume any drug(s) and only had a reasonable suspicion that he may have been under the influence at the time based on their brief observations and hearsay statements made by witnesses who will not be testifying at trial. These suspicions do not permit the admission of alleged drug use outside of the information provided during the subject incident. Thus, Defendants had no knowledge or information of Decedent Rucks' drug use history. Therefore, any such potential evidence must be excluded.

Defendants were responding to a call for service to assist Decedent Rucks, who reported that he was being chased by men with guns. Further, Defendants never asked Decedent Rucks if he consumed drugs on the date of the incident. Defendants may not *now* introduce facts unknown to them at the time of the incident in order to mislead the jury into a verdict supported by bias and the consideration of irrelevant evidence. In addition, Defendants had no information at any time, during or

before the incident, as to any prior contacts Decedent Rucks may have had with law enforcement with regard to drugs. Although Defendant Kidd allegedly recalled Decedent Rucks from a prior incident, that incident did not relate to drugs and Defendant Kidd did not recall the specifics on the prior contact. Thus, this information should also be excluded as irrelevant.

Decedent Rucks consumption of drugs prior to the date of the incident—including any prior contacts with law enforcement related to the use of drugs, are not relevant to any damages issues in this case. See *Mason v. City of Chicago*, 641 F.Supp.2d 726, 730 (N.D. Ill. 2009) (in Section 1983 action, "any evidence regarding alleged drug use is not probative to the issue of damages, as such evidence does not touch on the value of [decedent's] life") (internal quotations omitted). It would be pure speculation that a person's alleged use of drugs on a prior occasion would make it less likely that he would be able to provide the same love and comfort in the future as a person who did not. "Evidence of Plaintiff's past drug use was properly barred during both the liability and damages phases of the trial." *Id*. Moreover, Defendants lack any admissible evidence, such as proper expert testimony, to show that Decedent Rucks' alleged prior drug use or contacts with law enforcement arose from his drug use or abuse. His alleged drug use is not more probative than prejudicial as it does not make the nature or extent of Plaintiffs' loss of their son and/or father any less profound and hence is not necessarily probative of Plaintiffs' damage claim. See *Wisler v. City of Fresno*, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) *Stringer v. City of Pablo*, 2009 WL 5215396 at *3 (N.D. Cal. 2009)

Here, Defendants have not identified any experts qualified to testify to the impact of past drug use on Decedent's actions and/or Plaintiffs' injuries. In the absence of such testimony, any evidence, that Decedent Rucks consumed drugs at any point prior to the incident are insufficient to make Defendants' allegations about Decedent Rucks' behavior more probative than prejudicial of Plaintiffs' damages. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060- 61 (N.D. Ill. 2009) ("The question of

7

whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry . . . Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff.").

If fact, any decision which permits a jury to consider past drug use when determining damages comes with it the risk that police misconduct and abuses directed at drug addicted persons will go unchecked, as jurors unfairly penalize a Decedent's family, who themselves will continue to grieve their beloved family members without regard to the Decedent's struggles with addition.

**B. Evidence of Decedent Rucks' Alleged Prior Drug Consumption is Unduly Prejudicial Under Federal Rule of Evidence 403.**

Plaintiffs also bring this motion on the grounds that this evidence is unduly prejudicial, cumulative, confusing, and a waste of time, and should be excluded under Rule 403. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Admission of evidence of Decedent Rucks' alleged prior use of drugs, including related contacts with law enforcement, also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indust.*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The primary factual dispute in this

case is whether Defendants used reasonable force against Decedent Rucks and/or neglected to stop using force once on notice of Decedent Rucks' inability to breathe. Permitting Defendants to mount a defense based upon Decedent Rucks' alleged prior use of drugs, including related contacts, with law enforcement will necessitate a mini-trial on collateral issues that have nothing to do with the central factual dispute, which will unduly consume this Court's and the jury's time.

This evidence will further distract the jury from the central issues at hand, confuse the jury as to what the issues are, and mislead the jury into making a finding based on irrelevant collateral issues. Further, evidence of prior consumption of drugs can only serve to unjustly inflame a jury's passions and prejudices against Decedent Rucks and others who suffer from addiction. The inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of Decedent Rucks' alleged prior consumption of drugs as a reason justifying the use of force against him or limiting Plaintiffs' damages on an improper basis. Decedent Rucks is not on trial, he was simply seeking help from the police when they ended his life. Defendants are on trial for killing Decedent Rucks and Defendants should not be permitted to transfer the focus onto Decedent Rucks' past.

Finally, evidence of Decedent Rucks' alleged past drug use is unfairly prejudicial and misleading because of the nature of such information. Here, Plaintiffs are already prejudiced by the drugs found in Decedent Rucks' system, so allowing Defendants to probe into his alleged past drug use is unfairly stacking the deck in their favor in a case where a crime victim was killed by the people sent to help him. Defendants do not contend that they detained Decedent Rucks or subsequently used force on him because they believed he was under the influence of drugs, he was being detained to allow the officers to investigate **his** crime report and associated property damage. Thus, any evidence of Decedent Rucks' alleged past drug use is not relevant and would only serve to inflame the jury's passions and be unfairly prejudicial. Accordingly, Plaintiffs respectfully request that the Court alternatively exclude evidence of Decedent Rucks' alleged past drug use under Rule 403.

### C. Evidence of Decedent Rucks' Alleged Past Drug Use Constitutes Impermissible Character Evidence Under Rule 404.

Under Rule 404, evidence of Decedent Rucks' prior drug use cannot be used to prove that he acted in some general "bad character" on the day in question. Rule 404(a) provides that "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Plaintiffs also contend that any reference to Decedent Rucks' alleged prior drug use at trial would suggest an improper inference based on character evidence, to the extent that the jury might infer from the fact that Decedent Rucks engaged in bad conduct on another occasion that he gave Defendants cause to use force against him on this occasion or potentially allow the jury to decide that Decedent Rucks' life had no value due to addiction. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."), Ninth Circuit case law is clear that "'Character evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).

Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. See Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element of the charge that the police used excessive force against Decedent Rucks. Since any prior drug use evidence in this case would require an inference as to Decedent Rucks' character to make it relevant, it should be excluded from evidence at the time of trial.

However, should the court determine to permit Defendants to proffer evidence to the jury about Defendants' drug use and/or drugs being in his system at the time of this incident, the Court must make a reasonable effort to limit the guaranteed prejudicial effect by limiting Defendants to only soliciting evidence Decedent did in fact have some narcotics in his system, but the amount and/or concentration is unduly prejudicial and not central to the Defendants defense since Decedent's death is

not opined by any expert, retained or not, to be the result of a drug overdose. Moreover, the Defendants do not have any witness competent to testify about the actual methodology used to produce the toxicology results as stated in the NMS Labs toxicology report (APD 406 – 409).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order prohibiting Defendants from introducing evidence or presenting any arguments to the jury regarding Decedent Rucks' alleged past drug use or the amount and/or concentration of any narcotics in his blood at the time of the incident. If the Court is inclined to deny this motion, Plaintiffs request the Court to bifurcate the trial into two phases: Phase 1 – liability, Phase 2 – damages

Dated: February 5, 2019                    The Law Offices of John L. Burris

                                                                                                          */s/Melissa C. Nold*
                                                                                                          Melissa C. Nold
                                                                                                          Attorneys for Plaintiffs