JOHN L. BURRIS, ESQ. SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
LATEEF H. GRAY, ESQ., SBN 250055
MELISSA C. NOLD, ESQ., SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:	(510) 839-5200
Facsimile:	(510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et. al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ANTIOCH, et al., <br><br> Defendants. | Case No. 3:16-cv-3742 <br><br> **MOTION IN LIMINE NO. 7 TO EXCLUDE LAYMEN'S OPINIONS REGARDING DEFENDANTS' USE OF FORCE** <br><br> **Pre-Trial Conference: February 15, 2019** <br> **Time:	2 p.m.** <br><br> **Honorable Judge Jon S. Tigar** |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiffs, C.R. and I.R., by and through their Guardian Ad Litem Brionna Smith, Rachell Rucks, Debra Moore, and J.R., by and through her Guardian Ad Litem Jasmine Williams (for the purpose of this motion, "Plaintiffs"), hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial related to layperson's opinions regarding the reasonableness and propriety of Defendants' use of force. This motion specifically targets the following categories:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument related to layperson opinions regarding the reasonableness and propriety of Defendants' use of force.

1

This Motion is based on two independent rationales. First, the witnesses providing these opinions are not experts in the field of law enforcement, and are not qualified to opine on the propriety or reasonableness of Defendants' actions. Second, any reference to the post-incident statements would be dangerously prejudicial at trial and would also necessitate a mini-trial about the various statements that are completely unrelated to the subject incident. Plaintiffs' rationales are set forth in greater detail below.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

Dated: February 5, 2019	**The Law Offices of John L. Burris**

*/s/Melissa C. Nold*

_____

Melissa C. Nold
Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

**Page No.**

NOTICE OF MOTION ……………………………………………….. 1-2

TABLE OF CONTENTS …………………………………………… 3

POINTS AND AUTHORITIES …………………………………….. 6

    I.      INTRODUCTION ……………………………………… 6

    II.     DISCUSSION …………………………………………... 6

          A.     Non-experts ………………………………………….. 7

          B.     Unfair Prejudice……..………………………………... 8

    III.    CONCLUSION ………………………………………… 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

This case arises from the death of Rakeem Rucks. Plaintiffs contend that Defendants Kidd, Brogden and Smith used excessive force in violation of Rakeem Rucks' Constitutional rights. Plaintiffs' first motion *in limine* targets certain layperson opinions regarding the reasonableness and propriety of Defendants' use of force. The principle behind this motion is simple: Witnesses providing opinions regarding the ultimate question (reasonable, lawful, acceptable) concerning Defendants' use of force must be qualified to provide such opinions. Accordingly, it should be excluded as irrelevant and lacking in proper foundation.

The specific categories of information targeted by this motion include:

- Any and all documents, recordings, statements, observations, references, witness, evidence or argument related to layperson opinions regarding the propriety of Defendants' use of force, including but not limited to post-incident statements of:
    - Lawrence Pernell;
    - Terry Haygood;
    - Kenneth Cater;
    - Omega Ford;
    - Andrea Castro; and
    - Any and all other non-experts providing opinions regarding reasonableness and propriety of Defendants' use of force.

For the reasons set forth below, these opinions should be excluded.

## II. ARGUMENT

### A. Laypersons are not Qualified to Testify in an Expert Capacity Under F.R.E. 702

Some conclusions may be drawn only by witnesses who possess special expertise. Randolph v. Collectramatic, Inc. 590 F.2d 844, 848 (10th Cir. 1979). Here, the Defendant Police Officers' conduct is at issue and that necessarily requires special skill, training and/or expertise to know whether the Officers were following their training or department policy or acting lawfully. In arguendo if expert testimony is not needed to form an opinion about the propriety of the Defendants' conduct, then the jury is just as equally well positioned to draw a conclusion from the facts such that a lay person's opinion and/or conclusion is not helpful. Salas v Carpenter, 980 F.2d 299, 304-305 (5h Cir. 1992).

Here, layperson witnesses offered post-incident opinions regarding the reasonableness and propriety of Defendants' actions during the incident. None of the witnesses are qualified to provide opinions regarding police practices and the appropriate use of force. None of the witnesses listed possess a background in police practices and policies. Any layperson opinions regarding the necessity of Defendants' use of force, without proper knowledge base and training, is highly prejudicial and in violation of the Federal Rules of Evidence.

For example, the following witnesses made statements to the effect that:

<u>Tamara Lynn Cline</u> – he knows Mr. Rucks, heard what happened and knows that police are not at fault despite what other people are saying; he heard Mr. Rucks family talking about police brutality, and it's a bunch of shit because he played a big part of this.

<u>Andrea Castro</u> - Got up and saw two cops with Rucks on the ground. Had their knees on him to keep him down b/c he was wiggling a lot.

<u>Omega Ford</u> – he told officers "you guys got it right this one time"

5

**B. Layperson Opinions Regarding Defendants' Use of Force is Unfairly Prejudicial**

Plaintiffs submit that there is no probative value of layperson witnesses providing opinions regarding Defendants' use of force. Plaintiffs and Defendants both hired police practices experts, who provided opinions regarding Defendants' use of force. However, any perceived probative value is greatly outweighed by the undue prejudice that could manifest from laypersons commenting on the reasonableness and propriety of police officers' use of force.

Accordingly, it should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). In *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir.1993), the Seventh Circuit found that it was improper in a civil rights case against interrogating officers for the district court to admit plaintiff's criminal history—turning "trial of the defendants into a trial of the plaintiff." Likewise, it would be improper for non-experts to opine regarding Defendants' use of force. Additionally, the introduction of such opinions would force Plaintiffs into the "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

The primary factual dispute in this case is whether Defendants' conduct was objectively reasonable under the circumstances. The persons qualified to provide such opinions regarding the reasonableness and/or propriety of Defendants' use of force have been disclosed pursuant to Federal

Rules of Civil Procedure Rule 26 and deposed. Any additional opinions could only serve to confuse the jury.

For all the above reasons, any layperson opinions regarding the reasonableness or propriety of Defendants' use of force should be excluded. In the alternative, if the Court determines that all or some of this highly inflammatory evidence may be potentially relevant, the Court should hold a brief hearing outside the presence of the jury under Rule 104(a) to establish relevance, foundation, qualification of witnesses and any appropriate limits on its use before the jury is permitted to hear any of it.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion in limine to exclude all layperson's testimony regarding reasonableness and propriety of Defendants' use of force. Any percipient witnesses should be limited to their observations.

Dated: February 5, 2019                      The Law Offices of John L. Burris

                                                 */s/Melissa C. Nold*
                                                 Melissa C. Nold
                                                 Attorneys for Plaintiffs