JOHN L. BURRIS, ESQ. SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
LATEEF H. GRAY, ESQ., SBN 250055
MELISSA C. NOLD, ESQ., SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., et. al,<br><br>         Plaintiffs,<br><br>   vs.<br><br>CITY OF ANTIOCH, et al.,<br><br>         Defendants. | Case No. 3:16-cv-3742<br><br>**MOTION IN LIMINE NO. 8 TO LIMIT DEFENDANTS' POLICE PRACTICES EXPERT TESTIMONY AND USE OF MISLEADING & CONFUSING EXHIBITS**<br><br>**Pre-Trial Conference: February 15, 2019**<br>**Time:                             2 p.m.**<br><br>**Honorable Judge Jon S. Tigar** |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiffs, C.R. and I.R., by and through their Guardian Ad Litem Brionna Smith, Rachell Rucks, Debra Moore, and J.R., by and through her Guardian Ad Litem Jasmine Williams (for the purpose of this motion, "Plaintiffs"), hereby move *in limine* for an order limiting Defendants' Police Practice Expert Don Cameron from providing improper forensic medical testimony about Decedent's injuries. This motion specifically targets the following items of anticipated testimony and/or proffered evidence:

- Any and all statements and/or opinions Defendants seek to obtain from Police Practices Expert Don Cameron as to the nature, extent and/or origin of Decedent's injuries

1

- The use of Mr. Cameron's so called "comparison photographs as exhibits" to support his opinion that Decedent Rucks' injuries on his "forehead, shin and knee are consistent with having his face and leg on the ground and struggling with the officers."

This Motion is based on two independent rationales. First, Mr. Cameron is not qualified to offer a forensic medical opinion under FRE 702 and therefore his opinion as to what caused Decedent's injuries (they are the result of Decedent Rucks' resisting as opposed to the Defendant Officers use of force) is unreliable under FRE 702. Next, Mr. Cameron exhibits will waste precious court time as the exhibits he intends to use are from another person who was presumably injured during a different confrontation with officers and is displaying injuries to parts of his body that are different from where Decedent Rucks was injured. Undoubtedly, that man who is portrayed in the exhibit has a different take on how he sustained his injuries and what and/or who was the cause of them making the exhibits excludable under FRE 403 for being misleading, confusing, unfairly prejudicial and requiring Plaintiffs to embark on litigating the circumstances of a whole unrelated separate incident (i.e. - a trial within a trial).

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

Dated: February 5, 2019　　　　　　　　　　　**The Law Offices of John L. Burris**

　　　　　　　　　　　　　　　　　　　　　　*/s/Melissa C. Nold*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Melissa C. Nold
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

2

## **TABLE OF CONTENTS**

| | Page No. |
|---|---|
| NOTICE OF MOTION ………………………………………………….. | 1-2 |
| TABLE OF CONTENTS ……………………………………………… | 3 |
| POINTS AND AUTHORITIES …………………………………………... | 6 |
|     I.    INTRODUCTION …………………………………………… | 6 |
|     II.    DISCUSSION …………………………………………….. | 6 |
|         A.    Beyond Scope of Expertise ……………………………... | 3 |
|         B.    Unfair Prejudice……..………………………………... | 8 |
|     III.    CONCLUSION …………………………………………… | 9 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises from the death of Rakeem Rucks. Plaintiffs contend that Defendants Kidd, Brogden and Smith used excessive force in violation of Rakeem Rucks' Constitutional rights. Plaintiffs' eighth motion *in limine* targets testimony Defendants intend to elicit from their Police Practices expert Don Cameron.

The specific opinions and/or testimony targeted by this motion include:

- The pictures attached to Don Cameron's Rule 26 report – he intends to use as exhibits
- His opinion that Decedent Rucks' injuries on his "forehead, shin and knee are consistent with having his face and leg on the ground and struggling with the officers."

For the reasons set forth below, these opinions and corresponding "exhibits" should be excluded.

### II. ARGUMENT

**A. Mr. Cameron is Being Offered as a Police Practices Expert and NOT a Forensic Medical Examiner**

Mr. Cameron is a well-traveled police practices expert who is the go to guy when police offices or their employers are looking for someone to sign off on their conduct. He has a lengthy list of cases wherein he overwhelmingly testifies on behalf of the police against person's who claim they were abused by the police. He has served as a police trainer and/or instructor for a number of years. However, Mr. Cameron is not a medical doctor, or forensic pathologist and has absolutely no formal education in forensic medical analysis, human-biodynamics or biology listed on his CV. In this case he has failed to offer any scientific studies, peer reviewed articles or recognized authorities to support his claim that Mr. Rucks sustained the visible injuries to his forehead, shin and knee area as a result of

4

resisting and/or struggling with the officers. Furthermore, Mr. Cameron's report does not mention he examined Mr. Rucks' body or that of the involved officers or has been to the scene of the incident to gather facts to form the base of his opinion. Instead, he claims per his report he is relying upon his ambiguous training identifying markings [injuries] caused by impact weapons and weaponless defense techniques. (Cameron Expert Report)

Here, the incident as described by Defendants and all known witnesses who are expected to testify does not include claims the officers punched, kicked, tased or batoned Decedent Rucks. Instead, Plaintiffs state the Defendant Officers restrained Mr. Rucks for an extended period of time and positionally asphyxiated Decedent Rucks by restricting his ability to breathe and failing to recognize his obvious signs of distress such that they failed to provide any emergent medical care until several minutes after a reasonably well trained officer would have recognized Mr. Rucks was suffering a medical emergency.

In light of the foregoing, Mr. Cameron is not qualified to offer such highly skilled medical opinions which go beyond his true expertise. FRE 702 Hence the opinion he intends to offer is not reliable and is more prejudicial than probative of whether the Officers' use of force was reasonable. FRE 403

**A. Mr. Cameron's Exhibits Are Misleading and Confusing**

Mr. Cameron also intends to use pictures of a different man to support his claim Mr. Rucks' injuries were caused by Mr. Rucks' resisting and not the officers placing their knees and body weight on Mr. Rucks' forehead, neck and/or body. The contested "exhibits" portray a man who is a different skin color and size than Mr. Rucks and has injuries to different parts of his body other than where Decedent Rucks' had visible injuries. None of the exhibits show the Officer(s) who were involved with that unrelated man or the surface and/or manner as to how the person in the "exhibits" sustained his injuries. FRE 403, 702 and 703. Essentially, there's no proper foundation for exhibits and

permitting them to be used will necessarily confuse the jury, require a trial within the trial and is wholly unreliable and therefore more prejudicial than probative. FRE 403 Admittedly, Mr. Cameron could offer some the aforementioned details but this would necessarily invite a trial within a trial to flesh out the relevant facts and/or to determine if the exhibits could possibly be useful to the trier of fact in any way.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion in limine to limit and/or exclude Mr. Cameron's opinion about the causation and/or mechanism of Mr. Rucks' injuries as well as exclude the misleading "exhibits" he intends to display at trial.

Dated: February 5, 2019                          The Law Offices of John L. Burris

                                                      */s/Melissa C. Nold*
                                                       Melissa C. Nold
                                                       Attorneys for Plaintiffs